IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
RASHID JAMON DRAYTON,       *
                            *
     Plaintiff,             *
                            *
     v.                     *     CV 421-80
                            *
JOHN WILCHER,               *
                            *
     Defendant.             *
```

O R D E R

Plaintiff filed this lawsuit while incarcerated at the Chatham County Sheriff's Complex. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the

following reasons, Plaintiff's Complaint is dismissed as frivolous.

## I. BACKGROUND

Plaintiff, a pretrial detainee, alleges that he is being forced to eat meals inside his cell as a result of the jail's COVID-19 response. (Doc. No. 1, at 5.) He complains that this condition forces him to eat food about three to five feet from an exposed toilet, which is not partitioned from the rest of the room. (Id.) He claims that because the toilet backs up, he smells urine and feces continuously, including during mealtimes. (Id.) Plaintiff states that he is "constantly going back and forth to medical" for headaches and ear infections that "may very well be coming from this current problem." (Id. at 6.) Moreover, he insists that Defendant Wilcher's COVID-19 response pointlessly dodges one potential disease (COVID-19) for another ("like staph") because he caught COVID-19 anyway. (Id.) As relief, Plaintiff seeks one million dollars in damages. (Id. at 8.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is

2

frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

The Eleventh Circuit has long recognized the Eighth Amendment right "not to be confined . . . in conditions lacking basic sanitation."[1] Quintanilla v. Bryson, 730 F. App'x 738, 746 (11th Cir. 2018) (citing Brooks v. Warden, 800 F.3d 1295, 1303 (11th Cir. 2015)); see also Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, any challenged condition must pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety" to rise to the level of a constitutional violation. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.

---

[1] Claims made by pretrial detainees are analyzed under the due process clause. However, the Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care[,] the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985).

4

2004) (holding that a prisoner must prove that the prison condition he complains of is sufficiently serious and "extreme" to violate the Eighth Amendment). Plaintiff fails to state a valid constitutional claim for several reasons. First, his allegations do not rise to a constitutional level. Second, he fails to present facts that indicate deliberate indifference. Third, even though Plaintiff caught COVID-19, his Complaint makes clear that officials responded reasonably to risks of harm by attempting to limit his exposure.

"[M]ere exposure to mold, mildew, and odors does not amount to 'an excessive risk to inmate health or safety' under the Eighth" or Fourteenth Amendments. See Jordan v. Franks, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010); see also Herrera v. Oliver, 2019 WL 1217316, at *4 (S.D. Ala. Feb. 14, 2019) (holding that backed up toilet is not a sufficiently serious condition to implicate the Eighth Amendment); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (holding that a backed-up shower drain that caused water to flow into the dayroom was not sufficiently serious to rise to the level of a constitutional violation); Landfair v. Sheahan, 878 F. Supp. 1106, 1112-13 (N.D. Ill. 1995) (shower plumbing deficiencies that caused plaintiff to contract athlete's foot did not rise to level of a constitutional violation). Likewise, Plaintiff fails to allege a sufficiently significant risk of harm when he complained of the continuous smell from an exposed toilet.

Assuming, *arguendo*, that eating near the toilet is an objectively serious condition warranting further analysis, Plaintiff also fails to allege facts consistent with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."). Rather, Plaintiff complains of official actions which are objectively incidental to a legitimate government objective, *i.e.*, a clear intention to respond to COVID-19. In fact, Plaintiff admits that the decision for inmates eat in their cells was made in response to COVID-19, but simply disagrees with the propriety of the mandate. Moreover, Plaintiff merely complains that he is *at risk* of suffering from a serious infection, such as staph. Thus, Plaintiff fails to state a constitutional injury as a matter of law. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." (quoting Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980))).

Finally, to the extent that Plaintiff alleges that his COVID-19 diagnosis constitutes a separate injury, an official may escape liability for known risks "if [he] responded reasonably to the

6

risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. Plaintiff's own admission that the Defendant attempted to avert inmates' exposure to the virus by containing them in their cell is fatal to this claim. "We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). The Court accords such deference here, and therefore Plaintiff's allegations must be dismissed.

## IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any arguably viable claims in his pleading. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE